UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT DELORENZO,<br><br>Plaintiff,<br><br>v.<br><br>HIPOLITO D. ALDANAPEREZ and TARZAN EXPERT TREE & LAWN, LLC,<br><br>Defendants. | Civ. No. 26-8113 (MAS)(JBD)<br><br>MEMORANDUM ORDER |

Before the Court is a motion by plaintiff Vincent Delorenzo for an order authorizing alternative service of process on defendant Hipolito Aldana Perez.[1] [Dkt. 9.] For the reasons set forth below, the Court denies the motion without prejudice.

## I. BACKGROUND

This is a diversity action in which Delorenzo seeks to recover from defendants for personal injuries suffered in an automobile accident. As alleged, on or about August 21, 2024, Perez was operating a vehicle owned by defendant Tarzan Expert Tree and Lawn, LLC ("Tarzan"),[2] when he (Perez) "violently str[uck] [Delorenzo's] vehicle head on." [Dkt. 1] ¶¶ 9, 14–15. According to the complaint, Perez was employed by Tarzan and was "acting within the course and scope of his

---

1 The complaint and case caption erroneously spell the defendant's name as "Aldanaperez."

2 Tarzan was served with the summons and complaint on July 9, 2026. [Dkt. 4.] The present motion pertains only to Perez.

employment, capacity and/or authority of" Tarzan while operating the vehicle. *Id.* ¶ 29. Delorenzo filed a complaint in this Court on July 2, 2026, and summonses issued four days later. [Dkts. 1, 2.] Delorenzo asserts claims of negligence against Perez, and vicarious liability, negligence, and negligent entrustment against Tarzan. [Dkt. 1.]

After the summonses issued, Delorenzo's process server attempted personal service on Perez on at least four separate occasions. [Dkt. 9-1.] The first time was on July 9, 2026; the process server attempted service at 342 West Second Street, Bound Brook, New Jersey 08805 (hereafter, the "Bound Brook address"). [Dkt. 9-2.] This attempt proved unsuccessful; according to the process server, the residents of the Bound Brook address, the Garcias, indicated that they did not know Perez. *Id.* This is the only time that personal service was attempted at the Bound Brook address.

After that attempt at service failed, Delorenzo's process server attempted personal service at Perez's assumed place of employment at 10 Brook Hollow Road, Gladstone, New Jersey 07934 (hereafter, the "Gladstone address"). [Dkts. 9-1, 9-3.][3]

[3] The affidavit of non-service for the Gladstone address states that the summons and complaint were to be served on "Hipolito D. Aldana[ ]Perez, c/o Tarzan Expert Tree and Lawn LLC, 75 Bernards Ave, Bernardsville, NJ 07924." [Dkt. 9-3.] But the three unsuccessful attempts to serve the summons and complaint are listed as having occurred at the Gladstone address. Delorenzo's moving papers state only that "between August 3, 2026, and August 5, 2026, the process server attempted service at Defendant, Hipolito Aldana Perez's place of employment three times," [Dkt. 9-1], without identifying which address this would be. Email correspondence between counsel's law firm and the legal services arranging for process indicate that the service was attempted at the Gladstone address. [Dkt. 9-4.] It is not clear from the affidavit of non-service or the moving

Two attempts were made on August 3, 2026: first, at 2:08 p.m., but no one answered the door; and second, at 6:23 p.m., the purported owner of the company told the process server that Perez "no longer works for Tarzan." [Dkt. 9-3.] The last attempt at the Gladstone address was made on August 5, 2026, at 12:29 p.m., and no one answered the door. *Id.*

After these unsuccessful attempts at personal service, Delorenzo retained a licensed investigator to try to ascertain Perez's whereabouts. [Dkt. 9-1.] The private investigator obtained at least three records connecting Perez to the Bound Brook address. *Id.* First, a registration inquiry with the New Jersey Motor Vehicle Commission ("NJMVC") showed that Perez's vehicle was registered to the Bound Brook address. [Dkts. 9-1, 9-5.] Second, Perez's NJMVC certified driver's abstract listed his address as the Bound Brook address. [Dkts. 9-1, 9-6.] Third, the private investigator obtained confirmation from the United States Postal Service that, as of August 29, 2026, Perez's mailing address was the Bound Brook address. [Dkts. 9-1, 9-7.] Delorenzo's counsel performed a Lexis People Search for Perez, which "did not provide any other address to attempt service of process." [Dkt. 9-1.]

On August 25, 2026, Randi Fraiman Silverman, Esq., an attorney from the law firm of Earl R. Uehling & Associates, sent a letter to Delorenzo's counsel advising that the firm "has been retained to represent defendants, Tarzan Expert Tree And Lawn and Hipolito D. Aldana Perez, in the above captioned matter." [Dkt. 9-8.] The letter further stated "[w]e are not authorized to file an answer or

---

papers what the relationship is between the Gladstone address and the Bernardsville address.

otherwise enter an appearance in this matter until such time as personal service is made." *Id.*

On September 14, 2026, Delorenzo filed the present motion to serve Perez by alternative means—by (1) certified or registered and ordinary mail to the Bound Brook address, and (2) providing electronic service of a copy of the filed Complaint and this Order to Ms. Silverman. [Dkt. 9-1.]

**II. DISCUSSION**

Federal Rule of Civil Procedure 4(e)(1) provides that an individual "may be served in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because Delorenzo filed the complaint in this Court, New Jersey state law rules for service of process apply.

Under New Jersey law, personal service is the primary and preferred method of effecting service on an individual defendant located within the state. *U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1275 (N.J. Super. Court. App. Div. 2016); *Truist Bank v. Elgeo Corp.*, Civ. No. 24-1533 (MAH), 2024 WL 3898038, at *3 (D.N.J. Aug. 22, 2024) (citing N.J. Ct. R. 4:4-4(a); N.J. Ct. R. 4:4-4(a)(1); N.J. Ct. R. 4:4-4(a)(6)). When personal service cannot be effected, the New Jersey Court Rules allow for substitute modes of service, and "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). But substitute service is allowed only if personal service is unsuccessful "despite diligent

effort and inquiry." N.J. Ct. R. 4:4-4(b); *accord Menon v. Corbett*, Civ. No. 21-8384 (JBC), 2022 WL 3998393, at *1 (D.N.J. Sept. 1, 2022).

"Before seeking a court order pursuant to Rule 4:4-4(b)(3), an 'affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts.'" *Truist Bank v. Elgo Corp.*, 2024 WL 3898038, at *3 (quoting *Modan v. Modan*, 742 A.2d 611, 613 (N.J. Super. Ct. App. Div. 2000)). "Due diligence does not require a plaintiff to 'take every conceivable action' to find a defendant's whereabouts." *Prodigy Fin. CM2021-1 DAC v. Kurt*, Civ. No. 25-15163 (MAH), 2025 WL 3017818, at *3 (D.N.J. Oct. 29, 2025) (quoting *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, Civ. No. 11-3062 (MAH), 2012 1884003, at *5 (D.N.J. May 22, 2012)). Nor is it measured by an "objective formulaic standard," but rather "is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Truist Bank*, 2024 WL 3898038, at *3 (quoting *Modan*, 742 A.2d at 613). Rather, due diligence "requires that a plaintiff follow up on information it possesses or can reasonably obtain." *Fin. Servs. Vehicle Tr. by & through BMW Fin. Servs. NA, LLC v. Keitt*, Civ. No. 23-23188 (AME), 2024 WL 5395875, at *3 (D.N.J. June 11, 2024) (quoting *Menon*, 2023 WL 4946972, at *2). Only after a plaintiff exhibits a showing of due diligence may a court "order an alternative means of service that is consistent with due process." *Truist Bank*, 2024 WL 3898038, at *3 (quoting *Guardian Life Ins. Co. of Am. v. Est. of Matesic*, Civ. No. 16-643 (WJM), 2016 WL 3763340, at *2 (D.N.J. July 14, 2016)).

Based on the record before it, the Court is satisfied that Delorenzo made a reasonable attempt to effect personal service at the Gladstone address, but not at the Bound Brook Address. As to the Gladstone address, Delorenzo attempted to serve Perez personally at this location on two separate days at three different times. On one occasion, he was told that Perez no longer works there. Multiple attempts to serve a defendant personally at one location can weigh in favor of a reasonable effort to effect service. *See Beniquez v. Atl. Supply, LLC*, Civ. No. 22-6198 (CPO), 2024 WL 4903599, at *4 (Nov. 25, 2024) ("Generally, three attempts at making personal service on a defendant is sufficient to show a reasonable and good faith attempt as required under N.J. Ct. R. 4:4-3(a) before effecting service by mail." (quotation marks omitted)); *MBC Ventures, LLC v. All Clean Bldg. Servs. Inc.*, No. 16-2056 (DEA), 2021 WL 9667234 (D.N.J. Jan. 14, 2021) (finding that the plaintiff made a reasonable and good faith attempt after attempting personal service four times).

Under these circumstances, however, Delorenzo has not made a reasonable attempt to effect personal service at the Bound Brook address; accordingly, the Court concludes that Delorenzo has not exercised sufficient diligence in trying to effect personal service. Delorenzo's process server attempted to serve Perez at the Bound Brook address only once. According to the affidavit of non-service, Perez was "unknown [t]here per the Garcias who reside [t]here." But Delorenzo did not attempt service at the Bound Brook address a second time, at a different time or on a different day. And Delorenzo hired an investigator, whose research reflected a

connection only to the Bound Brook address. Moreover, that connection is, per the records that the investigator obtained, relatively current. Nonetheless, Delorenzo made no further attempts to personally serve Perez at the Bound Brook address. While New Jersey law does not categorically "require[] more than a single attempt at personal service, multiple[] unsuccessful attempts at that address would favor a finding that Plaintiff made a diligent and reasonable effort to effectuate personal service on Defendant." *Fin. Servs. Vehicle Tr. by & through BMW Fin. Servs. NA, LLC*, 2024 WL 5395875, at *3; *see also Kapanadze v. Hutchings*, No. 25-3861 (SDA), 2026 WL 764400, at *3 (March 17, 2026) ("[M]ultiple attempts at personal service at a verified address coupled with confirmation that a defendant resides at the address[] have been found to constitute reasonable diligence."). Delorenzo does not in his motion explain why he did not return to the Bound Brook address after the investigator's findings. This failure to "follow up on information [he] possesses" weighs against a finding of due diligence. *Fin. Servs. Vehicle Tr. by & through BMW Fin. Servs. NA, LLC*, 2024 WL 5395875, at *3 (quoting *Menon*, 2023 WL 4946972, at *2).

Under the circumstances, the Court concludes that Delorenzo has not satisfied his obligation of diligence. The Court will accordingly deny plaintiff's motion without prejudice to his right to re-file it upon additional efforts to serve Perez personally at the Bound Brook address.[4]

---

[4] The Court reminds Delorenzo that in addition to exercising diligence in his attempts to personally serve Perez, his proposed form of substitute service must also comport with due process. N.J. Ct. R. 4:4-4(b)(3); *see also Marlabs Inc. v. Jakher*, Civ. No. 07-4074 (DMC), 2010 WL 1644041, at *3 (D.N.J. April 22, 2010).

## III. CONCLUSION

For the reasons stated,

IT IS on this 2nd day of October, 2026, hereby

**ORDERED** that plaintiff's motion for alternative service is **DENIED** without prejudice; and it is further

**ORDERED** that pursuant to Rule 4(m), the deadline by which plaintiff must serve Perez is extended 60 days from the date of this Order.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

---

Delorenzo proposes alternative service by (1) certified or registered and ordinary mail to the Bound Brook address, and (2) providing electronic service of a copy of the filed Complaint and this Order to Ms. Silverman. The Court today offers no firm view whether this proposed method of alternative service would comply with due process. The Court does note, however, that precedent exists for serving a defendant through his attorney when there is reason to believe that the defendant has been in contact with the attorney. *See, e.g.*, *id.*; *see also Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228 (MAS), 2021 WL 3291683, at *3 (D.N.J. July 31, 2021); *Florkevicz v. Curcio*, Civ. No. 25-2316 (SDA), 2025 WL 3496744, at *3 (Dec. 5, 2025); *United States v. Lanz*, Civ. No. 16-1694 (MAH), 2016 WL 8674268, at *2 (Dec. 9, 2016).